FILED
2018 NOV -1 AM 11: 23
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DISABILITY RIGHTS FLORIDA, INC.**

    Plaintiff,

v.

**RICHARD JACOBS**, Administrator
for Lakeside Behavioral Healthcare,
and **ASPIRE HEALTH
PARTNERS, INC.**, a Florida
not-for-profit corporation,

    Defendant.
_____/

CASE NO.:

6:18-cv-1863-Orl-41DCI

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## PRELIMINARY STATEMENT

The Plaintiff, Disability Rights Florida, Inc., brings this action for declaratory and injunctive relief pursuant to 42 U.S.C. §§ 10801–10807, the Protection and Advocacy for Persons with Mental Illness ("PAIMI Act"). Plaintiff files this Complaint to enforce the rights of Disability Rights Florida to access Defendants' facility and its residents for the purpose of monitoring conditions and services for residents as authorized by Federal statute and rule. Defendants' refusal to allow Disability Rights

1

Florida access to its facility for the purposes of monitoring prevents Disability Rights Florida, the state and federally designated Protection and Advocacy System for persons with disabilities in Florida, from fulfilling its mandated mission to "pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with [disabilities]." 42 USC § 10805(a)(1)(B). Specifically, the actions of the Defendants block Disability Rights Florida's important mission, provided under Federal law, to monitor compliance with respect to the rights and safety of individuals at the Lake Behavioral Healthcare, which is owned and operated by Aspire Health Partners, Inc. These violations of the PAIMI Act cause irreparable damage to the ability of Disability Rights Florida to conduct its congressional mandate to protect and advocate for individuals with disabilities in the state of Florida.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's federal claims are made pursuant to the PAIMI Act, 42 U.S.C. § 10801, *et seq*. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

2. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this district and the Defendants' principal addresses are in this district.

### PARTIES

3. Plaintiff, Disability Rights Florida, Inc., is a not-for-profit-corporation designated as Florida's federally funded protection and advocacy system for individuals with disabilities. Disability Rights Florida maintains offices around the state of Florida.

4. Disability Rights Florida's mission is to advance the quality of life, dignity, equality, self-determination, and freedom of choice of people with disabilities through collaboration, education, and advocacy, as well as through legal and legislative strategies.

5. Disability Rights Florida is authorized by federal law to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of individuals with [disabilities]." 42 U.S.C. § 10805(a)(1)(B).

6. Disability Rights Florida has represented and continues to represent persons with disabilities in individual actions, class actions,

and systemic relief initiatives affecting all such individuals.

7. Disability Rights Florida's mandate includes monitoring the conditions in facilities and the provision of services to persons with disabilities.

8. In order to fulfill its mandate, Disability Rights Florida utilizes its statutory authority for access to facilities providing care and treatment to persons with disabilities.

9. The facility at which access for monitoring is being denied, Lakeside Behavioral Healthcare, is located at 434 West Kennedy Blvd., Orlando, FL 32810. The facility operates under licenses issued by the Agency for Healthcare Administration and is owned and operated by Aspire Health Partners, Inc. The facility provides inpatient psychiatric services and crisis intervention for individuals with mental health disabilities.

10. Defendant Richard Jacobs is the Administrator of Lakeside Behavioral Healthcare. Defendant Jacobs is sued in his capacity as Administrator of Lakeside Behavioral Healthcare for the purpose of obtaining injunctive relief. Defendant Jacobs has the authority to implement the relief sought in this Complaint.

11. Defendant Aspire Health Partners, Inc. ("Aspire Health Partners") is a not-for-profit Florida corporation that owns and operates Lakeside Behavioral Healthcare. Defendant Aspire Health Partners has the authority to implement the relief sought in this Complaint.

## STATUTORY FRAMEWORK

### Protection and Advocacy for Individuals with Mental Illness

12. The Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act provides that a system in each state will have authority to "protect and advocate [for] the rights of individuals with mental illness." 42 U.S.C. § 10803(2)(A). Disability Rights Florida is the Protection and Advocacy (P&A) system in Florida.

13. In order to carry out that mandate, a P&A has the authority to access facilities in the State providing care or treatment. 42 U.S.C. § 10805(a)(3).

14. The enabling regulations pertaining to the PAIMI Act provide that a P&A shall have access to facilities and residents. 42 C.F.R. § 51.42(a); *see also* 42 C.F.R. § 51.2 (stating the definition of facility "any public or private residential setting that provides overnight care accompanied by treatment services. Facilities include, but are not

limited to the following: general and psychiatric hospitals, nursing homes, board and care homes, community housing, juvenile detention facilities, homeless shelters, and jails and prisons, including all general areas as well as special mental health or forensic units.").

15. The regulations provide the P&A and its agents "reasonable unaccompanied access" to facilities and programs that render care or treatment to individuals with mental illness. That access includes all areas of the facility used or accessible to residents. 42 C.F.R. § 51.42 (b)–(c).

16. The P&As access is reasonable and unaccompanied, but limited to reasonable times and "must minimize interference with facility programs, respect residents' privacy interests, and honor a resident's request to terminate an interview." 42 C.F.R. § 51.42(c).

17. The implementing regulations for PAIMI authorize the P&A to access facilities for the purpose of:

> a. Providing information and training on, and referral to programs addressing, the needs of individuals with mental illness, and information and training about individual rights and the protection and advocacy services available from the P&A system, including the name, address, and telephone number of

      the P&A system;

      b. Monitoring compliance with respect to the rights and safety of residents; and

      c. Inspecting, viewing and photographing all areas of the facility which are used by residents or are accessible to residents.

42 C.F.R. § 51.42(c)(1)–(3).

18. In the event a facility denies the P&A System's access to its facilities, programs, residents or records, the facility shall promptly provide the P&A System with a written statement of the reasons for the denial. 42 CFR § 51.43.

19. The PAIMI Act mandates that the P&A has the authority to "pursue legal, administrative, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State." 42 U.S.C. § 10805(a)(1)(B). This includes the authority to enforce the P&A's access to facilities denying P&A access the facility to monitor compliance with respect to the rights and safety of residents. *See Equip for Equality, Inc. v. Ingalls Memorial Hosp.*, 292 F.Supp.2d 1086 (N.D. Ill. 2003) (permitting a case brought by the Illinois

P&A after a facility denied the P&A access to its inpatient unit).

## FACTUAL ALLEGATIONS

20. Lakeside Behavioral Healthcare is a facility that provides inpatient psychiatric and crisis intervention services. The patients receiving care and treatment at this facility are individuals with mental illness.

21. On August 20, 2018, an Advocate-Investigator with Disability Rights Florida ("Advocate-Investigator") sent a notice of facility monitoring to Defendant Jacobs at Lakeside Behavioral Healthcare. The two-page letter indicated Disability Rights Florida would be conducting a one-day monitoring visit during the week of September 3-September 7, 2018. The letter also explained the focus would be on the behavioral health units and services. Information regarding Disability Rights Florida's authority, including citations pertaining to Disability Rights Florida's statutory authority to access the facility for monitoring, was provided in the letter.

22. On August 31, 2018, the Advocate-Investigator received a letter via fax from Barbara Flanagan, an attorney representing Aspire Health Partners ("Aspire Health Partner's attorney"). In the letter, Aspire Health

8

Partner's attorney stated she had been provided the letter from the Advocate-Investigator to Defendant Jacobs dated August 20, 2018. She stated Disability Rights Florida was "not authorized" to come onto the facility's premises "for any purpose." She also stated the Advocate-Investigator's letter had "not cited any legal authority or basis entitling [her] to such access." The letter concluded by stating "[y]ou will not be allowed on any unit or anywhere on the premises...based upon the information and purpose set forth in your letter."

23. The Advocate-Investigator forwarded the Aspire Health Partners attorney's correspondence to a Managing Attorney for the Disability Rights Florida ("DRF Managing Attorney"). Upon review of the August 20, 2018 notice of monitoring and review of the Aspire Health Partners attorney's August 31, 2018 response, the DRF Managing Attorney drafted a reply letter.

24. On September 7, 2018, the three-page reply letter was sent from the DRF Managing Attorney to Aspire Health Partner's attorney via electronic mail. In the reply letter, the DRF Managing Attorney explained the authority that was outlined in the Advocate-Investigator's notice of monitoring, provided specific statutory citations, and provided quotations

from the text of the statutes. The original notice of monitoring was also provided to Aspire Health Partner's attorney for reference.

25. The reply letter closed by requesting confirmation that, based on the information and authority provided in the DRF Managing Attorney's reply letter, the Advocate-Investigator would be permitted to conduct a monitoring now scheduled for September 18, 2018. The letter requested Aspire Health Partners identify the legal basis if access to monitor the facility would again be denied.

26. On that same date, shortly after the DRF Managing Attorney's reply letter was sent via electronic mail, Aspire Health Partner's attorney responded via email stating simply "[y]ou will not be permitted. I sent a letter on this already that was faxed. Please read my letter."

27. In reply to the Aspire Health Partner attorney's email, the DRF Managing Attorney responded requesting clarification on the "letter [that had] already [been] faxed" as no new fax had been received from Aspire Health Partner's Attorney. No response was received to DRF Managing Attorney's request for clarification.

28. Nearly a week later, on September 13, 2018, the Advocate-Investigator received a fax sent to her attention from Aspire Health

10

Partner's attorney. The fax was the same letter sent from Aspire Health Partner's attorney to Advocate-Investigator on August 31, 2018, except the date was changed to September 13, 2018.

29. As in the August 31, 2018 letter, the September 13, 2018 fax stated Disability Rights Florida was "not authorized" to come onto the facility's premises "for any purpose," that the Advocate-Investigator's letter of August 20, 2018 had "not cited any legal authority or basis entitling [her] to such access," and the letter concluded by stating "[y]ou will not be allowed on any unit or anywhere on the premises...based upon the information and purpose set forth in your letter."

30. The Aspire Health Partners fax included no additional information or legal basis for the denial of access to conduct the monitoring. No correspondence was sent from Aspire Health Partner's attorney to the DRF Managing Attorney regarding the matter nor was the DRF Managing Attorney copied on the correspondence from Aspire Health Partner's attorney to the Advocate-Investigator, even though the DRF Managing attorney and Aspire Health Partner's attorney had been in contact regarding this matter.

31. Based on the correspondence from Aspire Health Partners dated

11

August 31, September 7, and September 13, 2018, denying Advocate-Investigator access to the facility to conduct her monitoring, Disability Rights Florida was unable to conduct either of the scheduled monitoring activities at Lakeside Behavioral Healthcare.

## CLAIMS FOR RELIEF

### COUNT 1 - VIOLATION OF ACCESS TO RESIDENTS AND FACILITIES UNDER THE PAIMI ACT

32. Plaintiff incorporates and re-alleges paragraphs 1 through 31, as if fully set forth herein.

33. An individual with a mental illness is eligible for P&A protection under the PAIMI grant. *See* 42 U.S.C. § 10804(c).

34. Lakeside Behavioral Healthcare provides care for individuals with mental health disabilities. Many, if not all, of these residents are eligible clients and constituents of Disability Rights Florida under the PAIMI program.

35. Lakeside Behavioral Healthcare is a facility under the meaning of the PAIMI Act.

36. Pursuant to the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and its enabling regulations, 42 C.F.R. § 51.42, Disability Rights Florida is

August 31, September 7, and September 13, 2018, denying Advocate-Investigator access to the facility to conduct her monitoring, Disability Rights Florida was unable to conduct either of the scheduled monitoring activities at Lakeside Behavioral Healthcare.

## CLAIMS FOR RELIEF

### COUNT 1 - VIOLATION OF ACCESS TO RESIDENTS AND FACILITIES UNDER THE PAIMI ACT

32. Plaintiff incorporates and re-alleges paragraphs 1 through 31, as if fully set forth herein.

33. An individual with a mental illness is eligible for P&A protection under the PAIMI grant. *See* 42 U.S.C. § 10804(c).

34. Lakeside Behavioral Healthcare provides care for individuals with mental health disabilities. Many, if not all, of these residents are eligible clients and constituents of Disability Rights Florida under the PAIMI program.

35. Lakeside Behavioral Healthcare is a facility under the meaning of the PAIMI Act.

36. Pursuant to the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and its enabling regulations, 42 C.F.R. § 51.42, Disability Rights Florida is

authorized to have reasonable, unaccompanied access to facilities that treat individuals with mental illness and to the residents of those facilities.

37. Defendants' failure to allow Disability Rights Florida to have timely access to its facility and its residents is a violation of the PAIMI Act.

38. Defendants' failure to provide access constitutes irreparable harm to Disability Rights Florida by preventing it from fulfilling its federally mandated mission.

39. Pursuant to the PAIMI Act, Disability Rights Florida is authorized to bring an action against Defendants for injuries sustained by Disability Rights Florida and for the persons that it represents.

40. Disability Rights Florida has no adequate remedy at law.

## **REQUESTS FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

A.  Enter declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendants' actions and failures to act violate the PAIMI Act by:

      (i)      Denying the Plaintiff reasonable access to Lakeside Behavioral Healthcare behavioral health units to conduct monitoring;

      (ii)     Preventing the Plaintiff from monitoring compliance with respect to the rights and safety of residents at Lakeside Behavioral Healthcare.

B.     Enter permanent injunctive relief, pursuant to 28 U.S.C. §2202, requiring Defendants to allow Disability Rights Florida to have access to Lakeside Behavioral Healthcare and its residents in order to conduct its monitoring mission;

C.     Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the PAIMI Act;

D.     Award Disability Rights Florida its costs and attorneys' fees;

E.     Order such other, further, or different relief as the Court deems equitable.

Respectfully submitted this 1st day of November, 2018,

By: _/s/_

**Curtis Filaroski**
Florida Bar No. 111972
**Peter Sleasman**
Florida Bar No. 367931
**Attorneys for Plaintiff**
Disability Rights Florida
2473 Care Drive, Suite #200
Tallahassee, Florida 32308
Phone: (850) 488-8640
Fax: (850) 488-8640
curtisf@disabilityrightsflorida.org
peters@disabilityrightsflorida.org