86963A-5/1171735

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISABILITY RIGHTS FLORIDA, INC.,　　　　CASE NO. 6:18-cv-01863-CEM-DCI

　　　Plaintiff,

vs.

RICHARD JACOBS, Administrator for
Lakeside Behavioral Healthcare, and ASPIRE
HEALTH PARTNERS, INC., a Florida not-
for-profit corporation,

　　　Defendants.
_____/

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT**

COME NOW the Defendants, Richard Jacobs, Administrator for Lakeside Behavioral Healthcare, and Aspire Health Partners, Inc., a Florida not-for-profit corporation (collectively, "Aspire"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure Rule 56, and hereby files its Motion for Summary Judgment as to the Plaintiff's, Disability Rights Florida, Inc. ("DRF"), Complaint for Declaratory and Injunctive Relief, and in support thereof state as follows:

**I.　　FACTUAL BACKGROUND**

DRF has chosen to commence the initial filing in this lawsuit with a Preliminary Statement, attempting to provide this Court with an overview of the nature of this lawsuit. DRF purports to be the entity within the State of Florida charged with carrying out the mandate set forth in the Protection and Advocacy for Mentally Ill Individuals Act ("PAMII"), 42 U.S.C. §

10801, *et seq.*[1]  For various reasons to be set forth within this Motion for Summary Judgment, DRF's requested relief should be rejected.  There are numerous deficiencies contained within the summary judgment evidence, not least of which is the failure of DRF to provide this Court with any legal authority of any kind to support its contention that DRF is currently the Protection and Advocacy System for the State of Florida.  In the absence of any such authority, Aspire's Motion for Summary Judgment should be granted as a matter of law.

PAMII was established in 1986 as a means to allow states to obtain federal funding to provide necessary care and treatment to individuals suffering from complications of mental disorders, rendering them some of the most vulnerable members of our society.  In response to the passage of this federal statute, the State of Florida Office of the Governor executed an Executive Order, No. 87-151, which identified Advocacy Center for Persons with Disabilities, Inc. as the Protection and Advocacy System for the State of Florida ("Advocacy Center").

Over the course of time, successive Governors of the State of Florida have executed Executive Orders extending the period of time that the Advocacy Center was to serve as the protection and advocacy system for the State of Florida.  *See*, Executive Orders 94-333, 98-310, 00-149, 00-376, 01-364, 02-312, 03-236, 04-281, 05-272, 07-37, and 08-34.

These 12 successive Executive Orders executed by various administrations of the Office of the Governor of the State of Florida, were followed by Executive Order 08-240, executed by then Governor Crist in 2008.  A copy of this Executive Order is attached hereto as Exhibit 1. Executive Order 08-240 identified all of the previous Executive Orders that had extended the

---

[1] DRF curiously misidentifies the statute which it alleges provides the basis for its relief requested, calling it erroneously the Protection and Advocacy for Persons with Mental Illness Act.

original Executive Order identifying the Advocacy Center as the protection and advocacy system for the State of Florida. This Executive Order further stated that each of these previous Executive Orders, "is hereby amended to provide for an extension of the designation of said body until December 31, 2010."

Thus, the document on its face provides that the Advocacy Center, presumably the precursor of DRF, would remain as the Protection and Advocacy System for the State of Florida only through December 31, 2010, in the absence of another Executive Order further extending the period of time that the Advocacy Center or DRF would remain in this role. However, Executive Order 08-240 is the last Executive Order ever executed by a Florida Governor extending the time period that the Advocacy Center or DRF would serve as the Protection and Advocacy System for the State of Florida. DRF has been unable through the course of discovery to provide any evidence to suggest that its authority extended beyond 2010. This authority can only emanate from state government, as the federal mandate merely establishes guidelines for the creation of state entities. Thus, DRF can cite to no legal authority that would place it in a position to have standing to seek the relief that it is seeking in the instant litigation. In the absence of any such legal authority, Aspire's Motion for Summary Judgment must be granted.

DRF claims that it wants to "monitor" Lakeside Behavioral Healthcare, however it can identify no client for whom protective services are required. In the absence of any legal authority to support the requested relief in the Complaint for Declaratory and Injunctive Relief, it appears that DRF is nothing more than a group of lawyers seeking access to a mental health facility for purposes that could easily be far outside of the scope of what PAMII mandates.

Under Claims for Relief, at Count I, DRF claims that, "many, if not all, of these residents are eligible clients and constituents of Disability Rights Florida under the PAIMI (*sic*) program." Complaint at ¶34. DRF is thus conceding that it has no clients currently residing in Aspire's facility. Aspire acknowledges that Lakeside Behavioral Healthcare is a facility as that term is defined under the Act. However, Aspire denies that DRF has the legal authority to enter in to this facility under the pretense of providing monitoring under PAMII.

Aspire moves for summary judgment as to each element under the Requests for Relief found at the Conclusion of the Complaint, including DRF's request that this Court enter a Declaratory Judgment declaring that Aspire has violated PAMII by denying DRF access to Lakeside Behavioral Healthcare and by preventing DRF from monitoring the "rights and safety at Lakeside Behavioral Healthcare." DRF lacks the legal authority to perform this function.

Next, DRF asks this Court to enter "permanent injunctive relief," requiring Aspire to allow DRF unfettered access to its facility *ad infinitum*. Likewise, DRF requests that this Court retain jurisdiction over this action to ensure Aspire's compliance with the mandates of PAMII. Essentially, DRF wants this Court to become a *de facto* monitor of how Aspire runs its facility in to the future with no end. Again, there is no legal authority cited to support the requested relief. The entry of summary judgment on these claims is therefore proper.

Finally, DRF requests that this Court award its costs and attorney's fees, ostensibly for funds incurred in maintaining the instant lawsuit. As is a theme in DRF's Complaint, there is no legal authority cited in support of the relief requested. DRF has filed a lawsuit in which it purports to be the Protection and Advocacy System for the State of Florida. However, it cites to no actual legal authority to support this claim. Then, DRF raises a series of requests for relief,

once again without any appropriate legal authority to support those requests. Under the circumstances, Aspire respectfully requests that this Court enter final summary judgment in favor of Aspire.

## II. LEGAL ARGUMENT

### A. THE STANDARD FOR SUMMARY JUDGMENT

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions of fact, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord*, **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the non-moving part." *Id.* at 248; *accord*; **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

The moving party bears the burden of proving that no genuine issue of material facts exists. *See*, **Anderson**, 477 U.S. at 248-50; **Celotex**, 477 U.S. at 324-325. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of Summary Judgment. Factual disputes that are irrelevant or unnecessary will not be counted." **Anderson**, 477 U.S. at 248. In determining whether the moving party has satisfied its burden, all inferences drawn from the underlying facts are considered in the light most favorable to the party opposing the motion, and all reasonable doubts are resolved against the moving party. *Id.* at 255; *see also*, **Matsushita Electric Industries Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.

2d 538 (1986). Summary judgment is mandated, however, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

B.   *DRF HAS NO EVIDENCE TO SUPPORT ITS CLAIM FOR RELIEF*

Applying the summary judgment standard to the facts of this case, there are no disputed issues as to any material facts, and Aspire is entitled to the entry of final summary judgment in its favor as a matter of law. The only legal authority that allows DRF to perform the function that it claims it can perform comes in the form of Executive Orders issued by the Governor of the State of Florida. The Executive Order attached as an exhibit to this Motion for Summary Judgment establishes that DRF and its predecessor were once the entity empowered to perform the function that it claims in its lawsuit against Aspire. However, as this Executive Order makes clear, that authority extended only through December 31, 2010. Through the course of discovery, DRF has not provided Aspire with any evidence that its authority extended beyond December 31, 2010.

Thus, there are no disputed issues as to any material facts. Any legal authority that DRF had expired on December 31, 2010. There is no logic to support the contention that the Governor of the State of Florida executed numerous Executive Orders over the course of decades, then abruptly stopped for no reason at all. There is a continuing requirement of obtaining executive authority to perform this function. No such Executive Order exists beyond the Executive Order that expired on December 31, 2010. As a result, DRF's claim, in all of its forms, fails as a matter of law, and Aspire is entitled to the entry of final summary judgment in its favor.

Wherefore, for the reasons stated above, Aspire respectfully requests that this Court enter summary judgment in favor of Aspire.

Dated this 2nd day of August, 2019.

                                                Respectfully submitted,

                                                /s/ Michael R. D'Lugo
                                                Michael R. D'Lugo, Esquire (0040710)
                                                mdlugo@wickersmith.com
                                                WICKER SMITH O'HARA McCOY &
                                                 FORD, P.A.
                                                390 N. Orange Ave., Suite 1000
                                                Orlando, FL 32801
                                                Phone: (407) 843-3939
                                                Fax: (407) 649-8118
                                                Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on August 2, 2019, and the foregoing document is being served this day on all counsel or parties of record on the attached Service List, via transmission of a Notice of Electronic Filing generated by CM/ECF.

                                                /s/ Michael R. D'Lugo
                                                Michael R. D'Lugo, Esquire
                                                Florida Bar No. 0040710

**SERVICE LIST**

Curtis C. Filaroski, Esquire
Peter Sleasman, Esquire
Disability Rights Florida
2473 Care Drive, Suite 200
Tallahassee, FL 32308