# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DISABILITY RIGHTS FLORIDA, INC.,**

       Plaintiff,

v.                               CASE NO.: 6:18-cv-1863-Orl-41DCI

**RICHARD JACOBS**, Administrator
for Lakeside Behavioral Healthcare,
and **ASPIRE HEALTH
PARTNERS, INC.**, a Florida
not-for-profit corporation,

       Defendants.

_____/

## JOINT MOTION FOR VOLUNTARY DISMISSAL AND ADOPTION OF SETTLEMENT AGREEMENT

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the undersigned counsel, for and on behalf of the above-named Plaintiff and Defendants, jointly move this Court for entry of an order dismissing this action with prejudice.  The Defendants have complied with the Court's order granting Plaintiff's Motion for Preliminary Injunction (Doc. 33) and have permitted Plaintiff access to Lakeside Behavioral Healthcare and its residents for the purpose of monitoring the facility.

The parties have agreed to resolve all remaining issues in this action, including Plaintiff's request for a permanent injunction, on the terms listed below.  This

agreement is conditioned on the Court's adoption of the terms of the agreement in the order dismissing this case.

The parties have agreed to the following:

1) Disability Rights Florida (DRF) is the designated protection and advocacy system for the State of Florida.

2) As the protection and advocacy system for the State of Florida, the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act and its implementing regulations grant Plaintiff and its agents broad access to, *inter alia*, facilities providing care or treatment to individuals with mental illness in the state. 42 U.S.C. § 10805(a)(3); 42 C.F.R. § 51.42(a).

3) DRF's authority as the P&A system includes "reasonable unaccompanied access to facilities and residents" for the purpose of "[m]onitoring compliance with respect to the rights and safety of residents," and "[i]nspecting, viewing and photographing all areas of the facility which are used by residents or are accessible to residents." *Id.* § 51.42(c)(2)–(3).

4) Defendants' facility located at 434 West Kennedy Boulevard, Orlando, Florida 32810 is a facility that provides care and treatment to individuals with mental illness. Accordingly, Plaintiff shall have the authority to access Defendants' facility as authorized by the PAIMI Act and its implementing regulations.

2

5) To the extent that Defendants operate other facilities that provide care or treatment to individuals with mental illness, Plaintiff shall have access to those facilities pursuant to the PAIMI Act and its implementing regulations.

6) Defendant agrees to reimburse Plaintiff's cost in this action in the amount of $400.00. Otherwise, the parties agree to bear their own costs and attorney's fees.

Both parties respectfully request this Court to adopt and incorporate the above terms in its order dismissing this case with prejudice.

## Memorandum of Law

Rule 41(a)(2) states that an action may be dismissed at the Plaintiff's request by court order "on terms that the court considers proper." The parties respectfully suggest that the terms set out in this motion are proper because they follow the ruling of this Court in its order granting Plaintiff's Motion for Preliminary Injunction and the requirements of the Protection and Advocacy for Individuals with Mental Illness Act and its implementing regulations. A court's order dismissing the suit may embody the settlement agreement or retain jurisdiction over the settlement agreement if the parties agree. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381–82 (1994) (noting that when dismissal is pursuant to Rule 41(a)(2), the court may, in its discretion, make the parties' compliance with

the terms of the settlement agreement (or retention of jurisdiction over the agreement) part of its order).

WHEREFORE, both parties respectfully move this Court to dismiss this action with prejudice and to adopt the above terms, jointly agreed upon by the parties, as an order of the Court.

Respectfully Submitted,

Curtis C. Filaroski, Esquire
Florida Bar No. 111972
curtisf@disabilityrightsflorida.org

Peter Sleasman, Esquire
Florida Bar No. 367931
peters@disabilityrightsflorida.org

DISABILITY RIGHTS FLORIDA
2473 Care Drive, Suite 200
Tallahassee, FL 32308
Telephone: (850) 488-8640
Facsimile: (850) 488-8640

Attorneys for Plaintiff

Michael R. D'Lugo, Esquire (0040710)
mdlugo@wickersmith.com

WICKER SMITH O'HARA McCOY
& FORD, P.A.
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
Phone: (407) 843-3939
Fax: (407) 649-8118

Attorney for Defendants

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on November ___, 2019.

Curtis C. Filaroski, Esquire
Florida Bar No. 111972