# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DISABILITY RIGHTS FLORIDA, INC.,

    Plaintiff,

v.                                              Case No:  6:18-cv-1863-Orl-78DCI

RICHARD JACOBS and ASPIRE
HEALTH PARTNERS, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on the parties' Joint Motion for Voluntary Dismissal and Adoption of Settlement Agreement (Doc. 35) pursuant to Federal Rule of Civil Procedure 41(a)(2). For the reasons below, the Court will grant the motion.

Rule 41(a)(2) allows voluntary dismissal upon motion by the plaintiff and "court order, on terms that the court considers proper." "The plaintiff's right to a voluntary dismissal . . . is not absolute," but "in most cases a dismissal should be granted unless the defendant will suffer some legal harm." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[1] In considering whether the defendant would suffer some legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728

---

[1] Decisions of the Fifth Circuit entered before October 1, 1981, are binding on the courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

(M.D. Fla. 2000) (quotation omitted). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis omitted).

In the instant case, Defendants have complied with the Court's order granting Plaintiff's Motion for Preliminary Injunction (Doc. 33) and have permitted Plaintiff access to Lakeside Behavioral Healthcare and its residents for the purpose of monitoring it. (*See* Doc. 35 at 1). Further, Defendants have agreed to reimburse Plaintiff's cost in this action and to permit Plaintiff access to all of the other facilities managed by Defendants, if there are any. (*Id.* at 2–3.) Both parties have agreed to resolve all remaining issues in this action, including Plaintiff's request for a permanent injunction. (*Id.* at 1). Based on the Defendants' conduct and the parties' agreement to comply with the requirements of the Protection and Advocacy for Individuals with Mental Illness ("**PAIMI**") Act and its implementing regulations, this Court finds the terms set out in the parties' Joint Motion for Voluntary Dismissal proper. A court order dismissing the suit may embody the settlement agreement or retain jurisdiction over the settlement agreement if the parties agree. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381–82 (1994) (noting that when dismissal is pursuant to Rule 41(a)(2), the court may, in its discretion, make the parties' compliance with the terms of the settlement agreement (or retention of jurisdiction over the agreement) part of its order).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Disability Rights Florida ("**DRF**") is the designated protection and advocacy system for the State of Florida.

2. As the protection and advocacy system for the State of Florida, the PAIMI Act and its implementing regulations grant Plaintiff and its agents broad access to, *inter alia*, facilities providing care or treatment to individuals with mental illness in the state. 42 U.S.C. § 10805(a)(3); 42 C.F.R. § 51.42(a).

3. DRF's authority as the P&A system includes "reasonable unaccompanied access to facilities and residents" for the purpose of "[m]onitoring compliance with respect to the rights and safety of residents," and "[i]nspecting, viewing and photographing all areas of the facility which are used by residents or are accessible to residents." *Id.* § 51.42(c)(2)–(3).

4. Defendants' facility located at 434 West Kennedy Boulevard, Orlando, Florida 32801 is a facility that provides care and treatment to individuals with mental illness. Accordingly, Plaintiff shall have the authority to access Defendants' facility as authorized by the PAIMI Act and its implementing regulations.

5. To the extent that Defendants operate other facilities that provide care or treatment to individuals with mental illness, Plaintiff shall have access to those facilities pursuant to the PAIMI Act and its implementing regulations.

6. Defendant shall reimburse Plaintiff's cost in this action in the amount of $400.00. Otherwise, the parties shall bear their own costs and attorney's fees.

7. The parties' Joint Motion for Voluntary Dismissal and Adoption of Settlement Agreement (Doc. 35) is **GRANTED**.

8. This case is **DISMISSED with prejudice**.

9. The Clerk is directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** in Orlando, Florida on November 18, 2019.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record